ERNEST HEILAND v. ALBERT ERTEL et al.

NO. 68.

1. CONTRACT—*Acceptance*—*Specific Performance.* Where there have been written communications between H., a resident of Kansas, and E., a resident of Missouri, concerning the purchase and sale of a tract of land owned by E. in Kansas, in which correspondence E. proposes to sell the land to H. for a certain sum of money, to be sent to him at his home in Missouri as soon as the acceptance of the proposition, and H. writes E. that he will take the land at the sum proposed, but that he will deposit the money in a bank at the town of K., in Kansas, and E. does not consent to the conditions in the proposed acceptance, and H. afterward deposits the amount of money with the bank and demands of E. a deed for the land, and E. refuses to accept the deposit and execute a deed for the land, *held*, that there has not been such a contract between the parties as a court of equity will enforce by specific performance.

2. ―――― *Mutuality.* There can be no valid contract for the sale and conveyance of the land unless the parties have mutually assented to the same conditions—until there is a clearly defined offer on the one hand, and an acceptance on the other of the very terms offered.

3. ―――― *No Mutuality.* Where an executory contract consists of mutual promises both parties must be bound, or it will be void for want of mutuality.

4. —————— *Enforcement of Contract.* No contract for the sale and purchase of land can be enforced by decree of specific performance unless it is mutual in its character and certain in its terms.

MEMORANDUM.—Error from Ford district court; A. J. ABBOTT, judge. Action by Ernest Heiland against Albert and Mary A. Ertel to compel the specific performance of a contract. Judgment for defendants. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed May 12, 1896, states the material facts.

*M. W. Sutton*, for plaintiff in error.

*F. Dumont Smith*, for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J.: This action was brought by Ernest Heiland in the district court of Ford county against Albert Ertel and Mary A. Ertel to compel the specific performance of an alleged contract for sale and conveyance of a certain quarter-section of land situated in Ford county. The defendants demurred to the plaintiff's petition upon the ground that the petition did not state facts sufficient to constitute a cause of action against them, which demurrer was sustained. The plaintiff electing to stand on his petition, judgment was rendered for defendants, and plaintiff brings the case here for review.

It is alleged in the plaintiff's petition in the court below that on the 18th day of September, 1890, and prior thereto, Albert Ertel was the owner of the southwest quarter of section 27, in township 26, of range 21 west of the sixth principal meridian, situated in Ford county, Kansas, and Mary A. Ertel is the wife of Albert Ertel; that the Edwards County Bank, of

Kinsley, was the agent of the defendants at that time for the purpose of selling said lands; that at that time defendants agreed in writing, by their certain deed and letters, to sell and convey said land to the plaintiff for the sum of $400; that the contract for the purchase and sale of this land is embodied in the following letters and a certain deed attached to plaintiff's petition as exhibits, and form a part of his petition:

## "EXHIBIT A.

"SHELBINA, Shelby Co., Mo., Sept. 13, 1890.

"DEAR SIR: I seat myself to write you a few lines in order to let you know that we have the right of selling my own land, not John. If you don't believe me, go to Dodge City and see, and if you want the land you can have it for the offer made John, if you can, send us our 200 right away, for we are about to buy a piece over here, and we want to know right away so we know what to do; if you can send me the money or not. I want to know what you are going to do about it as soon as you get this. You will find out where the deeds is what we made for August Hessman; in the Edwards Kinsley Bank is where the deed were sent to. They said they was going to send the deeds back as soon as they laid their hands on it, so you will let me know what you are going to do about it soon — what you are going to do. Write soon and send me John's letter, for he says he didn't know why you wrote to him to buy it, for he didn't know what you wanted to write to him for. He gave me the letter you wrote him. So I want you to write as soon as you get this. So I will close for this time.

From your friend,      A. ERTEL.

"To Mr. Heiland."

## "EXHIBIT B.

"SHELBINA, Shelby Co., Mo., September 23.

"*Dear Friend Heiland:* I received your letter yesterday, and was glad to hear you was well. This leaves us all well. Well, Mr. Heiland, you can go to Kinsley

and see if the deeds are out there yet, and if they are you can get them and let me know, and you get all the money for the place all the better for me. I have got till the 15th of October, that is all the time I have got on the place I have in view, and if you get the deeds you can have the deeds made out for 400 and send to me, and we will sign them and then you can leave them in the land agent's hands out there, the one you got his name, till I get all of my money, and you pay the taxes for this year, for I am just giving the place away anyhow. I will write to Kinsley and tell them to give you the deed and tell them if they have misplaced them they can stand good for them or you get them. You can send to the Mashel Bank in Shelbina anyway to make it safe for us both, and I want to know just what I can do by the tenth of next month, so I can fix this place out here safe. I don't lose it of course if I wait till April for the other $200. I will have to have interest on the money, for I will have to pay interest on what I borrow; so let me know all about your arrangements, so I can make mine out here, and see about this deeds. I am out now on that piece of land $350, so you see I ain't making much on it, so I will close. Hoping to hear from you soon and just what you can do, so write soon. From your friend, ALBERT ERTEL."

"EXHIBIT C.

"The grantors, Albert Ertel and Mary Ertel, his wife, of the county of Adams and state of Illinois, for and in consideration of $450 in hand paid, convey and warrant to August Hessman, of the county of Ford and state of Kansas, the following-described real estate: The southwest quarter of. section No. 27, in township No. 26 south, of range No. 21 west, situated in the county of Ford, in the state of Kansas, hereby releasing and waiving all right under and by virtue of the homestead-exemption laws of this state.

"Dated this 19th day of March, A. D. 1890.

ALBERT ERTEL.

MARY ANN ERTEL.

"Signed, sealed and delivered in the presence of—"

" State of Illinois, County of Adams, ss.

" I, George W. Cyrus, a notary public in and for said county and state, do hereby certify that Albert Ertel and Mary A. Ertel, his wife, who are personally known to me to be the same persons whose names are subscribed to the foregoing instrument as having executed the same, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument, including the release and waiver of the right of homestead, as their free and voluntary act for the uses and purposes therein set forth.

" Given under my hand and notarial seal, this 19th day of March, 1890.

[L. S.]    GEORGE W. CYRUS, *Notary Public*."
" My commission expires September 20, 1892."

" EXHIBIT D.

" SHELBINA, Shelby Co., Mo., Sept. 23, 1890.

" DEAR SIR : I take my pen in hand to inform you that I have been informed that my deeds is there made out for August Hessman, and if they are you can let Ernest Heiland have them, as Hessman backed out and Heiland had bought, and he will call for them. If he don't call for them in 10 days you will send them to Shelbina, Shelby county, Missouri. Everything is there, deeds and tax receipt, too ; so please let me know all about them as soon as you can, so I remain, yours truly.    MR. ALBERT ERTEL.

" It has been 10 or 11 years since I was out there. How is business out there, Mr. Edwards?"

" EXHIBIT E.

" SHELBINA, Shelby Co., Mo., Sept. 27, 1890.

" MY DEAR SIR : I seat myself to ask you if no one hasn't got my deeds. Please send them to me unless they will give $500 for them. If any one will leave $500 is there and let me know I will make a deed to that effect. If you have my deeds please send them all to me to ( Shelbina, Shelby county, Mo.) as soon as you get this. If I can't get that I will keep it a year longer yet. I received a letter last night saying they would leave $400 in the bank, but I don't understand

it; it seems as if Joseph Holtfrench is the way it was wrote, but the letter come from Camp Point, Ill., and it stated that we could send my contract to the Edwards County Bank. If there is such a man saying anything, tell him he can have it for $500 cash. If you have the deeds I want them soon, or I will see what some one is doing with them all this time; so let me know soon as you will get this letter. From your friend,

Yours respectfully, MR. ALBERT ERTEL,
Shelbina, Shelby county, Mo.

"Please send me my papers soon."

"EXHIBIT F.

"Ernest Heiland has deposited with the Edwards County Bank, Kinsley, Kan:, September 27, 1890, $200. Payment of Ertel land.

FRED I. BOIES, Assistant Cashier."

"EXHIBIT G.

"Ernest Heiland has deposited with the Edwards County Bank, Kinsley, Kan., October 6, 1890, $200. Payment on Ertel land.

FRED I. BOIES, Assistant Cashier."

The petition alleges that the Bank of Edwards County, at Kinsley, Kan., was the agent of the defendants for the purpose of selling their land in Ford county, but alleges that the sale and purchase was made through the correspondence between Albert Ertel and Heiland, and was contained in the letters written by Heiland, and all contract or right claimed to the land is contained in the deed and letters.

It appears from the petition and exhibits that in March, 1890, Albert Ertel and his wife, Mary A. Ertel, at Adams county, in the state of Illinois, executed a deed for the conveyance of this land to one August Hessman, and, in order to carry out the sale of this land, they had made to him a deed and sent it to the Edwards County Bank, of Kinsley, Kan., to complete the sale, but when the deed arrived at Kinsley Hess-

man refused, for some cause, to complete the sale, and this deed remained in the bank, but it can form no part of the alleged sale and purchase of this land between Heiland and Ertel. This deed was intended to convey the land to Hessman, and no other person than the grantors and grantee named in this deed are interested therein. When Hessman refused to carry out the terms of his purchase the deed belonged to Ertel, and was of no force or effect as a conveyance or an agreement to convey. As it had never been delivered to Hessman it should have been returned by the bank to Ertel, so that he could have destroyed it as an incompleted transaction. The plaintiff in his petition attempts to explain the several exhibits, and what each one refers to, and says:

"That 'Exhibit A' is an answer to a letter written to John Ertel; that, after receiving the letter marked 'Exhibit A,' and prior to September 20, 1890, he, plaintiff, wrote a letter to defendants, in which he accepted the offer of said lands aforesaid at the price of $400, and informed him that he would deposit the money with the defendants' agent, the Edwards County Bank, at Kinsley, Kan., and also agreed in said letter that the plaintiff would deposit $200 on or before October 1, 1890, and the remaining $200 on or before the 1st day of April, 1891, in answer to which letter the plaintiff received the letter marked 'Exhibit B'; that after receiving letter marked 'Exhibit B,' and on the 27th day of September, 1890, he, the plaintiff, deposited the sum of $200 in the Edwards County Bank aforesaid, in part payment of said land, and wrote the defendants to that effect, and informed them that he, plaintiff, would deposit the balance in a short time, which was accordingly deposited October 6, 1890, and requested them to send the deed at once, to which he never received reply."

The defendants at no time nor in any of the letters ever assented to the deposit of any money in the Ed-

wards County Bank, at Kinsley, Kan., for the sale of the land. The letter marked "Exhibit A," dated September 13, 1890, reads:

" SIR : You can have it for the offer made John, if you can send us our 200 right away, for we are about to buy a piece over here, and we want to know right away so we know what to do ; if you can send me the money or not. I want to know what you are going to do about it as soon as you get this."

In the letter marked "Exhibit B," dated September 23, 1890 :

" You can have the deeds made out for 400 and send to me and we will sign them and then you can leave them in the land agent's hands out there, the one you got his name, till I get all of my money, and you pay the taxes for this year. . . . You can send to the Mashel Bank, in Shelbina, any way to make it safe for us both, and I want to know just why I can do by the 10th of next month, so I can fix this place out here safe."

Plaintiff's petition alleges that he accepted the offer of said land aforesaid at the price of $400, and notified him that he would deposit the money with the Edwards County Bank, at Kinsley, Kan., but the proposition was not for the deposit of the money in the bank at Kinsley, Kan., but says : " If you can, send us our 200 right away," and states the reason why he will sell on these conditions, because he was then in Shelby county, Missouri, and had bargained for a tract of land in that county and wanted the money sent to him there so he could carry out his contract for the purchase he had made there. The correspondence all goes to show that the parties at no time agreed upon the same conditions, and the correspondence did not make a valid contract, such as was capable of being enforced in a court of equity. A

universal rule of the law of contracts as well as the law of sales is, that there is no binding contract, and hence no sale, unless the parties have mutually assented to the same contract. Until there is a clearly defined offer on the one hand and an acceptance on the other of the very terms offered there cannot be a sale. Where an executory contract consists of mutual promises both parties must be bound or it will be void for want of mutuality.

In the case of *Lyman v. Robinson*, 14 Allen, 254, the judge delivering the opinion of the court says: "That care should always be taken not to construe as an agreement letters which the parties intended only as a preliminary negotiation." An agreement, to be enforced by a decree for specific performance, must be mutual in its character and certain in its terms. Ernest Heiland was not liable for the performance of any contract on his part with Albert Ertel and Mary A. Ertel. He had incurred no binding obligation on his part, so that the contract could be enforced against him if he refused to take the land and pay the $400. While he was not liable himself, and the same could not be enforced against him, there is no reciprocity in allowing him to enforce it against Ertel. We think the parties never came to a mutual understanding in this case, that there was no binding obligation on the part of either of the parties, and that the correspondence did not constitute such a contract as was capable of being enforced by specific performance, and that the demurrer was properly sustained.

The judgment of the district court is affirmed.

All the Judges concurring.